IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

    Plaintiff,

v.                                                      No. 2:23-cv-00136-MLG-GJF

MARISSA RUIZ,
ALAMOGORDO HOUSING AUTHORITY, and
EASTERN REGIONAL HOUSING AUTHORITY,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 13, 2023 ("Complaint"). Plaintiff states he "was evicted from my Public Housing Apartment ... because I owe about $300.00 in back rent" and "without a chance to give reason for explaining the rent being late." Complaint at 4, 8. Plaintiff alleges that "[t]he presiding [state-court] judge was bias and prejudiced," did not allow Plaintiff "to cross examine the Plaintiff," and "never allowed me to introduce anything." *Id.* at 8. Plaintiff states he is appealing the state-court decision to this Court and asks that "this Court supersede and stay this eviction." *Id.* at 6, 8.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that the Complaint failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, explaining:

> "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action


> harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). While the names of Defendants Alamogordo Housing Authority and Eastern Regional Housing Authority, and Defendant Ruiz' title as manager, suggest they are state actors, there are no factual allegations that any of the Defendants were acting under color of state law. Plaintiff alleges that Defendant Ruiz is the "housing manager" who "entered the hearing for eviction" but does not allege that Defendant Ruiz deprived Plaintiff of a federally protected right. Complaint at 1, 11. There are no factual allegations regarding Defendants Alamogordo Housing Authority and Eastern Regional Housing Authority. The Court will not review the 56 pages of documents Plaintiff attached to his Complaint to make Plaintiff's arguments for him. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

Order for Amended Complaint at 3, Doc. 5, filed February 21, 2023.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order at 2, 5. The statute governing proceedings *in forma pauperis* states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."). Judge Fouratt noted that "[w]hile the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend." Order for Amended Complaint at 4–5. Judge Fouratt ordered Plaintiff to file an amended complaint and notified Plaintiff that "[f]ailure to timely file an amended complaint may result in dismissal of this case." Order for Amended Complaint at 6. Plaintiff did not file an amended complaint by the March 14, 2023 deadline.

Judge Fouratt also notified Plaintiff:

> It is not clear whether the eviction proceeding is ongoing or completed because Plaintiff asks the Court to "stay this eviction" but also characterizes this case as an appeal. If the eviction proceeding is ongoing, then it appears this case is barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
>> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.
>
> *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). If the eviction proceeding is completed, then it appears this case is barred by the *Rooker-Feldman* doctrine which:
>
>> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.
>
> *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order for Amended Complaint at 3–4. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case as barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine and notified Plaintiff that failure to timely show cause may result in dismissal of this case. *See* Order for Amended Complaint at 5. Plaintiff did not show cause by the March 14, 2023 deadline.

3

Judge Fouratt further notified Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").
>
> Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Order at 5.

One week after the deadline to file an amended complaint, Plaintiff filed a Motion to Amend Complaint. *See* Doc. 6, filed March 22, 2023. The Motion to Amend Complaint states only that Plaintiff wishes to add three defendants and lists their names. *See* Motion to Amend Complaint at 1. Despite Judge Fouratt's notice that Plaintiff is responsible for becoming familiar with and complying with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules, Plaintiff did not: (i) sign the Motion to Amend Complaint as required by Fed. R. Civ. P. 11(a); or (ii) submit a proposed amended complaint with the Motion to Amend Complaint as required by D.N.M.LR-Civ. 15.1.

The Court denies Plaintiff's Motion to Amend Complaint because Plaintiff's proposed amendment is futile. *See Chilcoat v. San Juan County*, 41 F.4th 1196, 1218 (10th Cir. 2022) ("a district court may withhold leave to amend if the amendment would be futile"). Plaintiff's proposed amendment seeks only to add three Defendants. The Complaint, with the proposed amendment, would be subject to dismissal for failure to state a claim pursuant to Section 1983 because it does not add allegations indicating the proposed new defendants are state actors and that they deprived Plaintiff of a right secured by federal law. *See id.* ("A proposed amendment is

futile if the complaint, as amended, would be subject to dismissal." (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004))).

The Court dismisses this case without prejudice because: (i) the Complaint fails to state a claim upon which relief can be granted for the reasons stated in Judge Fouratt's Order; (ii) Plaintiff did not file an amended complaint, did not show cause, and did not otherwise respond to Judge Fouratt's Order by the March 14, 2023 deadline; and (iii) Plaintiff's proposed amendment is futile.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion to Amend Complaint, Doc. 6, filed March 22, 2023, is **DENIED.**

_____
**MATTHEW L. GARCIA**
**UNITED STATES DISTRICT JUDGE**